**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**JAMES LESTER**                                                                      **PETITIONER**

**V.**                                                                      **NO. 2:08CV172-A-A**

**RONALD KING, et al.**                                                                      **RESPONDENTS**

### MEMORANDUM OPINION

This cause comes before the court on the petition of James Lester for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A.  Factual and Procedural Background*

On September 24, 1997, following guilty verdict, Lester was sentenced to serve life imprisonment for murder in the Circuit Court of Tunica County, Mississippi. On January 6, 2004, the Mississippi Court of Appeals affirmed Lester's conviction and sentence. *See Lester v. State*, 862 So.2d 582 (Miss. App. 2004). Following the denial of his appeal, Lester filed a "motion for rehearing out-of-time" which was denied on February 4, 2004. Lester then filed a petition for post-conviction relief in the Mississippi State Supreme Court on August 11, 2004.[1] The petition was denied on September 21, 2004. Lester's next attempt to challenge his conviction and sentence was filed in this court on June 25, 2008.[2]

*B.  Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas

---

[1] Lester signed the petition on this date. The petition was filed by the Court on August 16, 2004.

[2] This is the date on which Lester signed his federal habeas petition. The court received his petition on July 21, 2008. Since the difference between the two dates is nondispositive, the court will use the date most favorable to Lester.

corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant is allowed fourteen days after a decision is rendered to file a motion for rehearing. M.R.A.P. 40(a). Since Lester failed to timely pursue a motion for rehearing in the Mississippi Court of Appeals, the appeals process was stopped. *See Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, Lester's judgment became final fourteen days after the Court of Appeals affirmed his conviction. In the absence of any further review, Lester's sentence and conviction became final on January 20, 2004, the date on which his time for seeking further review in state court expired. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

Lester, therefore, had one-year or until January 20, 2005, to seek federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the

limitations period.  *See* 28 U.S.C. § 2244(d)(2).  Lester did file an application for leave to seek post-conviction relief in the Mississippi Supreme Court on August 11, 2004.  The petition was denied on September 21, 2004.  A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation.  *Id.*  The period is tolled for the length of time the motion is pending.  *Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008).  Lester's motion was pending for 41 days.[3]

To be timely, therefore, Lester's federal habeas petition must have been filed by March 2, 2005 (one year from January 20, 2004, plus 41 days).  Lester, however, did not file this petition until June 25, 2008, when he presumably delivered it to prison officials for mailing.  *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners).  His petition was, thus, filed 1,211 days beyond the expiration of the one-year limitations period.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be equitably tolled.  A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights.  *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999).  Lester does not offer any excuse for his incredibly delinquent pursuit of federal habeas relief.[4]  Accordingly, he has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition.  The doctrine of equitable tolling will not be used to revive his untimely habeas claims.  Consequently, the petition must be dismissed with prejudice.

THIS the   3rd   day of November, 2009.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**

---

[3] Lester later filed a second petition for post-conviction relief in the Mississippi State Supreme Court on May 8, 2008.  This petition was dismissed as procedurally barred by the State's three-year statute of limitations under Miss. Code Ann. § 99-39-5.  This subsequent petition, having been filed well beyond the expiration of the federal limitations period, has no effect on the analysis and conclusion contained in this opinion.

[4] Lester has not replied to the Respondents' motion to dismiss.